Filed 3/2/26  P. v. Oliver CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GIANNI ADRIAN OLIVER,<br><br>    Defendant and Appellant. | D083409<br><br><br><br>(Super. Ct. No. SCE404677) |

APPEAL from a judgment of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Gianni Adrian Oliver appeals from his 18-count conviction stemming from a shootout with the police.  His appointed appellate counsel filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979)

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738; Oliver did not file a supplemental brief on his own behalf. Our independent review confirms there are no arguable issues on appeal. We therefore affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2021, police received a report that Oliver discharged a firearm inside the home of his girlfriend, Roni Reed, and that Oliver was potentially holding Reed hostage. Knowing that Oliver had a previous felony conviction for possessing a firearm, approximately 10 deputies responded to Reed's house. Using a loudspeaker, a deputy ordered Oliver and Reed to exit the house multiple times. Reed eventually emerged from her home, stating that the person who beat her was no longer present.

Reed argued with the police, asserting she no longer needed help. Reed stated she was alone in the home, but officers observed a person peeking through an upstairs window. Unable to obtained Reed's consent, the officers eventually entered the home to verify that Reed was safe.

When an officer attempted to prevent Reed from walking away from him and toward the home's interior staircase, Oliver descended the stairs and began shooting at the officers. One of Oliver's bullets struck Reed in the back. After returning fire, officers exited the residence with Reed. Oliver went to the second story balcony, initiating a gun battle with the officers outside.

Oliver eventually surrendered and deputies arrested him. Police searched the residence, finding four firearms and several magazines of ammunition.

The San Diego District Attorney's Office charged Oliver with five counts of attempted murder on a peace officer (Pen. Code,[1] §§ 187, subd. (a), 884, subd. (e)(1); counts 1, 3, 5, 7, 9), five counts of assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2); counts 2, 4, 6, 8, 10); two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 11 & 12); four counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 13–16); possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1); count 17); and robbery (§ 211; count 18[2]).  Prosecutors alleged that counts 1, 3, 5, 7, and 9 were willful, deliberate and premeditated (§ 189); Oliver personally discharged or used a firearm in counts 1-12 (§§ 12022.53, subds. (c) & (d), 12022.5, subd. (a)); and inflicted great bodily injury on Reed in counts 1–4 and 11 (§ 12022.7, subd. (a)).[3]

After hearing testimony from the officers involved in the shoutout and watching their body worn camera footage, a jury convicted Oliver of counts 1–17, finding true all allegations.  The trial court sentenced Oliver to 125 years to life in prison, plus a concurrent 7 years and 8 months.  Oliver received 15-year-to-life terms for counts 1, 3, 5, 7, and 9, and 25-year-to-life sentences for the firearm enhancements in counts 1 and 3.  The concurrent determinate term consisted of six years for count 11, eight months for count 13, and one year for count 18, with concurrent eight-month terms for counts 14–17.  The trial court struck the infliction of great bodily injury enhancements in counts

[1]    All undesignated section references are to the Penal Code.

[2]    Count 18 involved a separate incident on January 31, 2021, where Oliver took a necklace from a juvenile.  Oliver pleaded guilty to that count.

[3]    The People initially alleged that counts 1–17 were committed while Oliver was released on bail (§ 12022.1, subd. (b)), but later dismissed those allegations.

1–4 and 11, and the firearm enhancements for counts 5–11. The trial court imposed but stayed sentences for counts 2, 4, 6, 8, 10, and 12, as well as the firearm enhancements for counts 2 and 4.

Oliver filed a timely notice of appeal. His appointed appellate counsel filed an opening brief raising no issues and asking us to review the record for error under *Wende* and *Anders*. Counsel identified three potential issues to assist us in our independent review: (1) whether the trial court erred in determining there was no discoverable information in an in camera *Pitchess*[4] hearing; (2) whether the trial court improperly instructed the jury on a peace officer's lawful performance of duties; and (3) whether the trial court abused its discretion in imposing consecutive firearm enhancements totaling 50 years to life in counts 1 and 3.

Oliver has not filed a supplemental brief despite his counsel and this court informing him of his right to do so.

## DISCUSSION

We have reviewed the entire record as required by *Wende* and *Anders*, including the confidential material from the *Pitchess* hearing, and we considered the issues identified by Oliver's counsel. We find no arguable issue that would result in a reversal or modification of the judgment, and no abuse of discretion by the trial court in its *Pitchess* ruling. We therefore affirm the judgment. Competent counsel has represented Oliver on this appeal.

---

4      *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.